1  KEKER & VAN NEST LLP
   RACHAEL E. MENY - #178514
2  rmeny@kvn.com
   JO W. GOLUB - #246224
3  jgolub@kvn.com
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Defendant
   FLAGSTAR BANK, F.S.B.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10        ED CV 09 - 00999 SGL          CTx

11  RICHARD DEISHER: HELEN         Case No.
    DEISHER
12                                 DEFENDANT FLAGSTAR BANK'S
                    Plaintiffs,    NOTICE OF REMOVAL OF
13                                 PENDING STATE COURT ACTION
         v.                        PURSUANT TO 28 U.S.C. §§ 1331,
14                                 1441, 1446
    FLAGSTAR BANK, F.S.B.; DOES 1
15  TO 50                          [28 U.S.C. §§ 1331, 1441, 1446 Federal
                                   Question]
16                  Defendants.
                                   **Riverside County Superior Court
17                                 Case No. 524578**

18

19                                 Date Comp. Filed: April 22, 2009

20                                 Trial Date:  Not Set

21

22

23

24

25

26

27

28

DEFENDANT FLAGSTAR BANK'S NOTICE OF REMOVAL OF PENDING STATE COURT ACTION
CASE NO. UNASSIGNED

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE that defendant Flagstar Bank, F.S.B. ("Flagstar") hereby removes the matter *Deisher, et al. v. Flagstar Bank, F.S.B., et al.*, Case No. 524578, from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Removal of this action is proper for the following reasons:

1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that plaintiffs Richard Deisher and Helen Deisher("plaintiffs") have brought claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*; the Home Ownership and Equity Protection Act of 1994 ("HOEPA") 15 U.S.C. § 1639, *et seq.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

2.    Federal courts have concluded that they have federal question jurisdiction over TILA, RESPA, HOEPA, and FDCPA claims.  *See, e.g., Albano v. Norwest Financial Hawaii, Inc.*, 244 F. 3d 1061, 1063 (9th Cir. 2001) ("The district court had jurisdiction over the TILA claim pursuant to 28 U.S.C. § 1331."); *Hepler v. Washington Mut. Bank, F.A.*, 2008 WL 4657736, *2 (C.D. Cal. Oct. 20, 2008) ("[T]he Court has subject matter jurisdiction over plaintiff's suit because she is seeking damages and restitution for alleged violations of . . . RESPA . . . . Therefore, plaintiffs' claims 'arise under' federal law."); *Gray v. Conseco, Inc.*, 2000 WL 1480273, *3 (C.D. Cal. Sept. 29, 2000) ("The Court has federal question jurisdiction over Plaintiffs' RESPA, TILA, and HOEPA claims."); *Taylor v. Quall*, 458 F. Supp. 2d 1065, 1066 (C.D. Cal. 2006) (noting without questioning that "Defendants removed the action to this Court . . . asserting that the Court has federal question jurisdiction over Plaintiff's FDCPA claim and supplemental jurisdiction over the state-law claims").

3.    This action is removable because, on its face, the Complaint brings

1    four independent causes of action over which the federal courts have original

2    jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). The TILA, RESPA, HOEPA, and

3    FDCPA causes of action therefore give rise to federal question jurisdiction. *See id.*

4         4.    The plaintiffs in this action seek a determination that defendant

5    violated TILA, RESPA, HOEPA, and FDCPA. Specifically, the plaintiffs allege

6    that on December 13, 2006, they executed a note promising to pay Flagstar

7    $524,250.00 through monthly payments. Complaint ("Compl.") ¶ 5. The plaintiffs

8    allege that Flagstar "did not explain the working[s] of the interest rate, how it is

9    computed or its inherent volatility or interest only note" and that Flagstar "charged

10   and obtained improper fees for the placement of" the Deishers' loan. *Id.* ¶¶ 6-7.

11   Regarding the TILA claim, the Deishers argue that Flagstar has refused to

12   "validate or otherwise make full accounting and the required disclosures," has

13   "improperly retained funds belonging to Plaintiffs," and "failed to disclose the

14   status of the ownership of the loans." *Id.* ¶¶ 12A-C. Regarding the RESPA claim,

15   the Deishers allege that Flagstar "placed loans for the purpose of unlawfully

16   increasing or otherwise obtaining yield spread fees and sums in excess of what

17   would have been lawfully earned." *Id.* ¶ 19. As to the HOEPA claim, the Deishers

18   contend that their loan "was placed and administered and otherwise utilized

19   without regard to Plaintiffs income or cash flow and with the intention of

20   producing a default." *Id.* ¶ 26. And with regard to the FDCPA claim, the Deishers

21   allege that they "duly and properly on more than one occasion requested validation

22   of the 'debt'" and that Flagstar "did not respond to their demands in such a way as

23   to meet the requirements" of the FDCPA. *Id.* ¶¶ 30-31.

24        5.    Plaintiffs' Complaint also includes state law claims for breach of

25   fiduciary duty, for breach of the covenant of good faith and fair dealing, and for

26   injunctive and declaratory relief. Compl. ¶¶ 33-48. To the extent that the Court

27   determines that any aspects of the plaintiffs' claims may not give rise to federal

28   question jurisdiction, the Court can and should exercise supplemental jurisdiction

1   over those aspects of their claims pursuant to 28 U.S.C. § 1367 because the claims

2   are "so related . . . that they form part of the same case or controversy under

3   Article III of the United States Constitution." 28 U.S.C. § 1367(a); 28 U.S.C. §

4   1441(c).

5        6.    Service of the plaintiffs' Complaint was made on defendant Flagstar

6   on April 23, 2009. This Notice of Removal is therefore filed within the thirty-day

7   period prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe*

8   *Stringing, Inc.*, 526 U.S. 344 (1999).

9        7.    In accordance with 28 U.S.C. § 1446(a), defendant Flagstar has

10  attached hereto, as **Exhibit A**, true and correct copies of all process, pleadings, and

11  orders served upon the defendant as of the date of this Notice.

12       8.    As required by 28 U.S.C. § 1446(d), defendant Flagstar will file

13  promptly with the Court in and for the Superior Court of Riverside County,

14  California, and serve upon the plaintiffs a true and correct copy of this Notice.

15       9.    No other defendant in this action has been properly served. Defendant

16  Flagstar has monitored the Riverside County Superior Court docket in this matter,

17  and, as of the date of this Notice, no proof of service has been filed for any of the

18  non-removing defendants (specifically, defendants Does 1-50). Defendant Flagstar

19  has attached hereto, as **Exhibit B**, a true and correct copy of the Riverside County

20  Superior Court docket in this matter—as printed from that court's website—as of

21  the date of this Notice.

22       10.   By removing this action to this Court, defendant Flagstar does not

23  waive any rights or defenses available to it under federal or state law. Defendant

24  Flagstar expressly reserves the right to move for dismissal of the plaintiffs'

25  Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

26  ///

27  ///

28  ///

DEFENDANT FLAGSTAR BANK'S NOTICE OF REMOVAL OF PENDING STATE COURT ACTION
CASE NO. UNASSIGNED

1    WHEREFORE, removing party Flagstar Bank prays that the above-

2  entitled action be removed to this Court from the Riverside County Superior Court.

3                                                    Respectfully submitted,

4  Dated:  May 26, 2009                              KEKER & VAN NEST LLP

5

6

7                              By:  _____
                                   RACHAEL E. MENY
8                                  JO W. GOLUB
                                   Attorneys for Defendant
9                                  FLAGSTAR BANK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT FLAGSTAR BANK'S NOTICE OF REMOVAL OF PENDING STATE COURT ACTION
CASE NO. UNASSIGNED

# Exhibit A

1  Richard Deisher
   Helen Deisher
2  Plaintiffs in Pro Per
   16394 Ringbit Ct.
3  Riverside, CA 92506
4  (951) 776-1807

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 22 2009
M. Preciado

CB J
APR 22 2009
R

6                SUPERIOR COURT OF CALIFORNIA

7                    COUNTY OF RIVERSIDE

9  RICHARD DEISHER          )      CASE NO:
10 HELEN DEISHER            )
                            )
11            PLAINTIFFS     )
12 VS.                      )   COMPLAINT FOR DAMAGES AND RESCISSION
                            )
13 FLAGSTAR BANK, F.S.B.;   )
   DOES 1 TO 50             )
14            DEFENDANTS     )

MC 524578

16                        **COMPLAINT**

18     COMES NOW, Plaintiffs Richard Deisher and Helen Deisher, in

19 Pro Per who complain and allege as follows:

20     1. Plaintiffs Richard Deisher and Helen Deisher at all times

21 relevant are or were the owners of real property commonly known

22 as: 16394 Ringbit Ct. Riverside, CA 92506.

25                  APN: 245-522-006-8

1

2. Defendant FLAGSTAR BANK, F.S.B, hereinafter referred to as "FLAGSTAR," is a company who on information and belief is conducting business in the State of California and is qualified to conduct business in the State of California.

3. The true names of Defendants named herein as DOES 1 through 50, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs who therefore sues said Defendants by such fictitious names; Plaintiffs are informed and believe and thereon allege that each of the Defendants so designated herein proximately caused and contributed to the facts herein alleged, and Plaintiffs will ask to leave of Court to amend the Complaint to insert the true names and capacity of DOES 1 through 50 when the same have been ascertained and to join such Defendants in this action.

4. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned each of the Defendants sued herein in relation to the property they claim an interest in was the agent and employee of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency employment.

5. On or about December 13, 2006, Plaintiffs executed an

"Note" promising to pay Flagstar Bank the sum of $524,250.00 by monthly payments.

6. Plaintiffs allege that Defendants and each of them did not explain the working of the interest rate, how it is computed or its inherent volatility or interest only note.

7. Further, on information and belief, Plaintiffs allege that the Defendants charged and obtained improper fees for the placement of their loan.

8. On information and belief, Plaintiffs allege that the service of the purported note was, without their knowledge, by some means may have transferred from or by Defendant either completely or by association or other means to another Defendant unknown to Plaintiffs provided services in various forms to others which were of such nature to render them a "Servicer" within the definition found within 26 U.S.C. S 2605.

9. The Deed of Trust was recorded with the Riverside County Recorder.

### FIRST CAUSE OF ACTION
(Violation of 15 U.S.C. S 1611 et seq.)
Against all Defendants

10.  Plaintiffs repeat and reallege Paragraphs 1 through 9 as though fully set forth herein.

3

11.   On information and belief, Plaintiffs allege that Defendants Flagstar Bank and each of them are agents or employees or persons actively involved in the extension of credit as the term is defined under the Truth in Lending Statute (TILA).

12.   On information and belief, Plaintiffs allege that Defendants and each of them are subject to the requirements of the Truth in Lending Statute (TILA) and have violated the requirements of the act in that among other things:

A. They have refused and continued to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees;

B. They have improperly retained funds belonging to Plaintiffs in amounts to be determined;

C. They have failed to disclose the status of the ownership of the loans.

13.   Plaintiffs further allege that these violations are such as to require rescission or cancellation of the loan herein and return of all funds received by Defendants from Plaintiffs.

14.   Plaintiffs further allege that they are entitled to compensatory damages in an amount to be determined at trial.

15.   Plaintiffs further allege that they are entitled to

attorney fees according to statute in the event that they retain

counsel.

16.    On information and belief, Plaintiffs allege that

Defendants have acted in violation of the TILA act, willfully,

maliciously, oppressively fraudulently and in conscious

disregard for the rights of Plaintiffs and as such, Plaintiffs

are entitled to punitive damages.


### SECOND CAUSE OF ACTION
(Violation of 26 U.S.C. S 2605 et seq.)
Against ALL Defendants


17.    Plaintiffs repeat and reallege Paragraphs 1 through

9 as though fully set forth herein.

18.    Based upon information and belief, and on that basis

Plaintiffs allege that the Defendants and each of them fall

within the requirements of the Real Estate Settlement Procedures

Act (RESPA).

19.    Based upon information and belief, and on that basis

Plaintiffs allege that Defendants and each of them, placed loans

for the purpose of unlawfully increasing or otherwise obtaining

yield spread fees and sums in excess of what would have been

lawfully earned.

20.    Based upon information and belief, and on that basis

1   Plaintiffs allege that Flagstar Bank individually or jointly,

2   are "Servicers" as that term is used within the RESPA act and

3   either individually or jointly violated the requirements of 26

4   U.S.C. S 2605(B) in that the servicing contract or duties there

5   under were transferred or hypothecated without the required

6   notice.

7

8        21.  Plaintiffs allege that these violations require

9   rescission of the loan and a return of all funds received by

10  Defendants from Plaintiffs.

11       22.  Plaintiffs further allege that they are entitled to

12  compensatory damages in an amount to be determined at trial.

13

14       23.  Plaintiffs further allege that they are entitled to

15  attorney fees according to proof in the event that they retain

16  counsel.

17

18                    **THIRD CAUSE OF ACTION**

19            (Violation of 15 U.S.C. S 1602 et seq.)
                    Against ALL Defendants

20

21       24.  Plaintiffs repeat and reallege Paragraphs 1 through

22
    9 a though fully set forth herein.
23

24       25.  Based up information and belief, and on that basis

25  Plaintiffs allege that the mortgage obtained by Plaintiffs

26  through Defendants by means unknown and enforced by other

27
    Defendants herein falls within the purview of 15 U.S.C. S 1602
28

                                  6

et seq., commonly known as the "Home Ownership and Equity Protection Act of 1994" (HOEPA).

26. Based upon information and belief, and on that basis Plaintiffs allege that the loan was placed in a violation of the HOEPA act as it was placed and administrated and otherwise utilized without regard to Plaintiffs income or cash flow and with the intention of inducing a default.

27. As a result and a legal consequence of the above actions, Plaintiffs have been damaged in a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**
(Violation of 15 U.S.C. S 1692)
Against ALL Defendants

28. Plaintiffs repeat and reallege Paragraphs 1 through 9 as though they fully set forth herein.

29. Based upon information and belief, Plaintiffs allege that Defendants and each of them are "Debt Collectors" either acting for them self or through agents as that term is used in the United States Code.

30. Plaintiffs allege that they duly and properly on more than one occasion requested validation of the "debt" under 15 U.S.C. S 1692, the Fair Debt Collection Practices Act (FDCPA).

31. Plaintiffs further allege that Defendants did not

respond to their demands in such a way as to meet the

requirements of the act.

32. Plaintiffs are entitled to statutory damages under the

FDCPA.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)
Against ALL Defendants

33. Plaintiffs repeat and reallege paragraphs 1 through

9 as though fully set forth herein.

34. At all times relevant, Defendants created, accepted

and acted in a fiduciary relationship of great trust and acted

for and were the processors of property for the benefit of

Plaintiffs.

35. Defendants further placed themselves in a position of

trust by virtue of the expertise represented by and through

their employees.

36. Defendants breached their fiduciary duties owed to

Plaintiffs as they have acted and continue to act for their own

benefit and to the detriment of Plaintiffs.

37. Among other things, they may have placed and

negotiated loans without due care to the best interests of

Plaintiffs or for the protection of their rights.

38. As a consequence and proximate result the Plaintiffs

have suffered economic damages, loss of funds and payment of fees improperly incurred in an amount to be proved by trial.

39.   On information and belief, Plaintiffs allege that Defendants have acted willfully, maliciously, oppressively fraudulently and in conscious disregard for the rights of Plaintiffs and as such, Plaintiffs are entitled to punitive damages.

## SIXTH CAUSE OF ACTION
(Breach of Covenant of Good Faith and Fair Dealing)
Against ALL Defendants

40.   Plaintiffs repeat and reallege Paragraphs 1 through 9 as though fully set forth herein.

41.   Plaintiffs allege that at all times there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs. Additionally said covenant prohibited Defendants from activities interfering with or contrary to the rights of Plaintiffs.

42.   As a consequence and proximate result, Plaintiffs have been damaged in a sum to be proven at trial.

## SEVENTH CAUSE OF ACTION
(Injunctive Relief)
Against ALL Defendants

9

43.   Plaintiffs repeat and reallege paragraphs 1 through
9 as though fully set forth herein.

44.   Plaintiffs seeks a determination as to the legal
status of the parties to the Fixed Note and the Deed of Trust.

45.   Defendants claim that they are the lawful beneficiary.

46.   Defendants should be required to provide the original
note and all subsequent notes with appropriate endorsements
thereon so the court may determine under California Law, who
owns the property.

### EIGHTH CAUSE OF ACTION
(For Declaratory Relief)
Against ALL Defendants

47.   Plaintiffs repeat and reallege Paragraphs 1 through
9 as though fully set forth herein.

48.   Plaintiffs further allege that a declaration of
rights and duties of the parties herein is essential to
determine the actual status and validity of the loan, Deed of
Trust, nominated beneficiaries, actual beneficiaries, loan
servicers, trustees instituting foreclosure proceedings and
related matters.

WHEREFORE, Plaintiffs prays for damages as follows:

1. For compensatory damages in an amount in excess of Twenty

Five Thousand Dollars ($25,000.00);

   2. For punitive damages in the amount in excess of Twenty Five Thousand Dollars ($25,000.00);

   3. For any statory or compensatory damages according to proof;

   4. For rescission of the contract and loan.

   5. For attorney's fees in the event that counsel is retained;

   6. For such other and further relief as the Court deems just and proper.


DATED this ____21st____ day of April, 2009


_____
RICHARD DEISHER
Plaintiff, In Pro Per

_____
HELEN DEISHER
Plaintiff, In Pro Per

11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| RICHARD DEISHER & HELEN DETSHER<br>16394 RINGBIT CT<br>RIVERSIDE, CA 92806   FAX NO.:<br>ATTORNEY FOR (Name): 951-776-1887 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE COUNTY SUPERIOR
STREET ADDRESS: 4050 MAIN ST
MAILING ADDRESS:
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:
DEISHER VS FLAGSTAR BANK, F.S.B

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 524578<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: GARY PATTON

_GARY PATTON_
(TYPE OR PRINT NAME)

► _Gary Patton /s/_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov


NOTICE OF CASE MANAGEMENT DEPARTMENT ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE


DEISHER VS FLAGSTAR BANK FSB
CASE NO. RIC  524578

The above entitled case is ASSIGNED to the HONORABLE
Judge Gloria Connor Trask in Department 01 as CASE
MANAGEMENT DEPARTMENT.

The Case Management Conference described in Rules of Court
3.722 is scheduled for 11/02/09 at  8:30 am/pm in
Department 01.

The plaintiff/cross-complainant shall serve a copy of the
Notice of Case Management Department Assignment and Case
Management Conference to all defendants/cross-defendants
named or added to the complaint and file proof of service
thereof.

If this case is assigned to a Commissioner and party
does not stipulate to the hearing of law and motion matters
by the Commissioner, that party MUST, within ten (10) days
of the service of this Notice, file a Notice of Non-Stipulation.
Failure to file such Notice within ten (10) days shall be
deemed acceptance of the Case Management Department Assignment.

DATE OF NOTICE:  04/22/09

CLERK'S CERTIFICATE

I, Clerk of the above entitled Court, do hereby certify
that on this date, I provided the plaintiff(s) or plaintiffs'
attorney of record with a copy of the foregoing NOTICE.

CLERK OF THE COURT
M. Preciado

Date:  04/22/09                    by:_____
                                       MARIA M PRECIADO

SUM-100

# SUMMON
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CI

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FLAGSTAR BANK, F.S.B.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 22 2009

M. Preciado

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

RICHARD DEISHER & HELEN DEISHER

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:   RIVERSIDE SUPERIOR COURT
*(El nombre y dirección de la corte es):*

**CASE NUMBER**
*(Número del Caso):* **524578**

4050 MAIN ST
RIVERSIDE, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RICHARD DEISHER & HELEN DEISHER
16394 RINGBIT CT, RIVERSIDE, CA 92506 (951) 776-1807

DATE: _____          Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

electronic form © 2004
WWW.LawCA.com
Law Publishers

Code of Civil Procedure
§§ 412.20, 465

**SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**

CDH

| | | | |
|---|---|---|---|
| ☐ **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | | ☐ **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 | |
| ☐ **BLYTHE** 265 North Broadway, Blythe, CA 92225 | | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | | ☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501 | |
| ☐ **INDIO** 46-200 Oasis St., Indio, CA 92201 | | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valey, CA 92553 | | | |

APR 23 2009   R

Name and Address
Richard Deisher
Helen Deisher
16394 Ringbit Ct
Riverside, CA 92506

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 22 2009

N. Tavaglione

Attorney for Plaintiff
or Party without Attorney
Richard Deisher
Helen Deisher

Plaintiff(s)

vs.

Flagstar Bank

Defendant(s)

CASE NO. 524578

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the

Court for the following reason:

☐   The action arose in this judicial district.

☒   The action concerns real property located in this judicial district.

☐   The defendant resides in this judicial district.

Dated: 4/22/09

Signed by: _George Horton /S/_
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

11/20

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RICHARD DEISHER & HELEN DEISHER<br>PLAINTIFFS IN PRO PER<br>16394 RINGBIT CT<br>RIVERSIDE, CA 92506<br>TELEPHONE NO.: (951) 776-1807    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | CDH<br>APR 27 2009<br><br>F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>APR 24 2009<br>W. Tavaglione |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE SUPERIOR COU
STREET ADDRESS: 4050 MAIN ST
MAILING ADDRESS: 4050 MAIN ST
CITY AND ZIP CODE: RIVERSIDE, CA 92501
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: RICHARD & HELEN DEISHER

DEFENDANT/RESPONDENT: FLAGSTAR BANK, F.S.B.

CASE NUMBER: RIC
524578

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice of Case Management Dept. Assignment and case management conference
3. a. Party served *(specify name of party as shown on documents served):*
      Sandra Mendoza /Flagstar Bank

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 19700 Fairchild Rd. Ste 146
   Irvine, CA 92612

5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4/23/09    (2) at *(time):* 12:33 PM
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: RICHARD & HELEN DEISHER | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FLAGSTAR BANK, F.S.B. | |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                                (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name:  JOSE  DIAZ
  b.  Address:  421 E. Wakeham Ave   Santa Ana. CA  92701
  c.  Telephone number: (714) 277-6527
  d.  **The fee** for service was: $
  e.  I am:
    (1)  ☒  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server.
      (i)  ☐  owner  ☐  employee  ☐  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  I am a **California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 4/23/09

JOSE  DIAZ                                    ▶  *(signature)*

_____                    _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

# Exhibit B

 

# Actions

**Home**      **Complaints/Parties**      **Actions**      **Minutes**      **Pending Hearings**      **Case Report**      **Images**

Open Quick Search

## Case RIC524578 - DEISHER VS FLAGSTAR BANK FSB

Move To This Date

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| | 11/02/2009 8:30 AM DEPT. 01 | CASE MANAGEMENT CONFERENCE HEARING - Minutes | | |
| | 07/21/2009 8:00 AM DEPT. CLERK | NON-PROOF OF SERVICE (NON-APPEARANCE) HEARING | Vacated | |
| N | 04/24/2009 | PROOF OF SERVICE ON THE COMPLAINT FILED 04/22/2009 OF RICHARD DEISHER SERVED ON FLAGSTAR BANK FSB WITH SERVICE DATE OF 04/23/09 FILED.(PERSONAL SERVICE) | Not Applicable | 📷 |
| N | 04/22/2009 | CERTIFICATE OF COUNSEL FILED. | Not Applicable | 📷 |
| N | 04/22/2009 | ORIGINAL SUMMONS FILED | Not Applicable | 📷 |
| | 04/22/2009 | DIRECTLY ASSIGNED TO DEPARTMENT 01 FOR CASE MANAGEMENT PURPOSES. | | |
| | 04/22/2009 | NON PROOF OF SERVICE HEARING SET FOR 7/21/09 AT 8:00 IN DEPT CLERK | | |
| N | 04/22/2009 | COMPLAINT FILED FAST TRACK - SUMMONS ISSUED. | Not Applicable | 📷 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 999 SGL (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself [X] ) | DEFENDANTS |
|---|---|
| Richard Deisher; Helen Deisher | Flagstar Bank, F.S.B. |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Riverside County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Richard Deisher<br>Helen Deisher<br>16394 Ringbit Court<br>Riverside, CA 92506<br>Telephone: (951) 776-1807 | Rachael E. Meny (SBN 178514<br>Jo W. Golub (SBN 246224<br>KEKER & VAN NEST, LLP<br>710 San Francisco, CA 94111<br>Telephone: (415) 391-5400<br>Facsimile: (415) 397-7188 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   [X] 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   [X] 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** [X] Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  [X] No      [X] **MONEY DEMANDED IN COMPLAINT:** $ $25,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiffs allege violations of TILA, RESPA, HOEPA, and the FDCPA, as well as state law causes of action, in association with residential mortgage loans.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | |
|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | [X] 371 Truth in Lending | |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 620 Other Food & Drug |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | |

Additional column (Labor / Property Rights / Federal Tax Suits):
| |
|---|
| ☐ 710 Fair Labor Standards Act |
| ☐ 720 Labor/Mgmt. Relations |
| ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 740 Railway Labor Act |
| ☐ 790 Other Labor Litig. |
| ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 820 Copyrights |
| ☐ 830 Patent |
| ☐ 840 Trademark |
| ☐ 861 HIA (1395ff) |
| ☐ 862 Black Lung (923) |
| ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 864 SSID Title XVI |
| ☐ 865 RSI (405(g)) |
| ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? [X] No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: ED CV 09 - 00999 SGL CTx

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2
CCD-JS44

MAY 26 2009

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above
in a, b or c also is present.

---

**IX.  VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides  (Use an additional sheet if necessary)

[ ]  Check here if the U.S. government, its agencies or employees is a named plaintiff.

Riverside County

List the California County, or State if other than California, in which **EACH** named defendant resides.      (Use an additional sheet if necessary).

[ ]  Check here if the U.S. government, its agencies or employees is a named defendant.

Michigan

**List the California County**, or State if other than California, in which **EACH** claim arose.      (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

City and County of Riversdie

---

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _Jo W. Golub_____    Date _May 26, 2009_

Jo W. Golub, Attorney for Flagstar Bank, F.S.B.

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |