KEKER & VAN NEST LLP
RACHAEL E. MENY - #178514
rmeny@kvn.com
JO W. GOLUB - #248588
jgolub@kvn.com
REBEKAH L. PUNAK - #248588
rpunak@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
FLAGSTAR BANK, F.S.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RICHARD DEISHER; HELEN DEISHER<br><br>              Plaintiffs,<br><br>     v.<br><br>FLAGSTAR BANK, F.S.B.; DOES 1 TO 50,<br><br>              Defendants. | Case No. EDCV09-999 SGL (CTx)<br><br>**DEFENDANT FLAGSTAR BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Date:        August 3, 2009<br>Time:        10:00 a.m.<br>Ctrm.:       1<br>Judge:      Hon. Stephen G. Larson<br><br>Date Comp. Filed: April 22, 2009<br><br>Trial Date:   Not Set |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................. 1

II.  ALLEGATIONS AND PROCEDURAL BACKGROUND ......................... 2

III. ARGUMENT .................................................................. 2

    A.   The governing standard pursuant to Rule 12(b)(6) .............................. 3

    B.   Plaintiffs' TILA claim is fatally flawed because it is time-barred and is insufficiently pled. ................................... 3

        1.   The Deishers' TILA claim is time-barred. ...................... 4

        2.   In addition, the Court should dismiss the plaintiffs' TILA claim for failure to plead sufficient facts. ................. 5

    C.   The Court should also dismiss plaintiffs' RESPA claim, which is both time-barred and insufficiently pled. ................. 6

        1.   Plaintiffs' RESPA claim is barred by the statute of limitations. ................................................................. 7

        2.   The RESPA claim is also insufficiently pled. ................... 7

    D.   The Court should also dismiss the Deisher's HOEPA claim, which is time-barred and fails to state a claim for relief. .............................................................................. 9

        1.   The Deishers' HOEPA claim is time-barred. ................... 9

        2.   The Deishers also fail to state a claim for relief under HOEPA. ............................................................ 10

    E.   Plaintiffs' claim under the FDCPA should also be dismissed. ......................................................................... 12

    F.   The Court should also dismiss plaintiffs' state law causes of action for breach because they are preempted and are insufficiently pled. ........................................................ 14

        1.   In general, HOLA preempts state law causes of action that affect lending by federally chartered savings banks. ................................................................ 14

        2.   The Court should dismiss the plaintiffs' breach of fiduciary duty claim because it is preempted by HOLA and is insufficiently pled. ............................... 17

        3.   Similarly, the Court should dismiss the Deishers' claim for breach of the covenant of good faith and fair dealing. ..................................................... 20

1

**TABLE OF CONTENTS**
**(cont'd)**

2

<u>**Page**</u>

3    G.    Plaintiffs' claims for injunctive and declaratory relief
            should also be dismissed...................................................................22

4

5    1.    The Court should dismiss the plaintiffs' claim for
            injunctive relief.........................................................................22

6    2.    The Court should also dismiss the claim for
            declaratory relief.......................................................................23

7

IV.    CONCLUSION ...........................................................................................25

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

442717.01

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Amaro v. Option One Mortg. Corp.*
No. EDCV 08-1498-VAP (AJWx). 2009 WL 10330
(C.D. Cal. Jan. 14, 2009) ................................................................... 19

*American Banker's Ass'n. v. Lockyer*
239 F. Supp. 2d 1000 (E.D. Cal. 2002)............................................. 14

*Ashcroft v. Iqbal*
129 S.Ct. 1937 (2009) ............................................................... *passim*

*Associated Gen. Contractors of Cal.. Inc. v. Cal. State Council of Carpenters*
459 U.S. 519 (1983) ........................................................................... 3

*Avala v. World Savings Bank. FSB*
__ F. Supp. 2d __. 2009 WL 1364363
(C.D. Cal. May 4, 2009) ..................................................................... 7

*Bank of Am. v. City and County of S.F.*
309 F.3d 551 (9th Cir. 2002)............................................................ 14

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ................................................................. *passim*

*Booker v. Wells Fargo Home Mortgage. Inc.*
138 Fed. Appx. 728 (6th Cir.2005)................................................... 10

*Castro v. Executive T. Services. LLC*
No. CV-08-2156-PHX-LOA. 2009 WL 438683
(D. Ariz. Feb. 23, 2009) ................................................................... 11

*Conference of Fed. Sav. & Loan Ass'ns v. Stein*
604 F.2d 1256 (9th Cir. 1979), *aff'd*, 445 U.S. 921 (1980) ............... 15

*County of Santa Clara v. Astra U.S.. Inc.*
428 F. Supp. 2d 1029 (N.D. Cal. 2006) .............................................. 3

*Diessner v. Mortgage Elec. Registration Svs.*
__ F. Supp. 2d __, 2009 WL 1457624 (D. Ariz. May 18, 2009)........... 10

*Epstein v. Wash. Energy Co.*
83 F.3d 1136 (9th Cir. 1996).............................................................. 3

*Fonua v. First Allied Funding*
No. C 09-497 SI, 2009 WL 816291 (N.D. Cal. Mar. 27, 2009) ........... 10

*Garcia v. GMAC Mort.. LLC*
No. 09-CV-0295-PHX-GMS. 2009 WL 891007
(D. Ariz. Mar. 31, 2009) ................................................................ 5, 6

*Gerhart v. Beazer Homes Holding Corp.*
No. CIV. S-08-1650 FCD/KJM. 2009 WL 799256
(E.D. Cal. Mar. 23, 2009)................................................................... 7

*Guerrero v. Citi Residential Lending. Inc.*
No. CV F 08-1878 LJO GSA. 2009 WL 926973
(E.D. Cal. Apr. 3, 2009) ................................................................... 17

iii

1
2

## TABLE OF AUTHORITIES
### (cont'd)

**Page(s)**

3
4

*Hernandez v. Cal. Reconveyance Co.*
  No. CV F 09-0251 LJO DLB. 2009 WL 464462
  (E.D. Cal. Feb. 24, 2009) ............................................... 11

5

*Hulse v. Ocwen Fed. Bank. FSB*
  195 F. Supp. 2d 1188 (D.Or. 2002) ................................. 13

6
7

*In re First Alliance Mortg. Co.*
  471 F.3d 977 (9th Cir. 2006)............................................ 10

8

*Jablon v. Dean Witter & Co.*
  614 F.2d 677 (9th Cir. 1980)......................................... 4, 5, 7, 10

9
10

*Kenney v. Deloitte. Haskins & Sells*
  No. C 91-0590 BAC. 1992 WL 551108. 1992 WL 551108
  (N.D. Cal. Sept. 2, 1992)................................................. 18

11

*King v. State of Cal.*
  784 F.2d 910 (9th Cir. 1986).............................................. 4

12

*Lombov v. SCME Mortgage Bankers*
  No. C-09-1160 SC. 2009 WL 1457738
  (N.D. Cal. May 26, 2009) ................................................. 24

13
14

*Maganallez v. Hilltop Lending Corp.*
  505 F. Supp. 2d 594 (N.D. Cal. 2007) ............................... 8

15

*Monaco v. Bear Stearns Residential Mortgage Corp.*
  554 F. Supp. 2d 1034 (C.D. Cal. 2008) .............................. 4

16
17

*Oculus Innovative Sci.. Inc. v. Nofil Corp.*
  No. C 06-01686 SI. 2007 WL 2600746
  (N.D. Cal. Sept. 10, 2007)............................................ 21, 22

18

*Oei v. N. Star Capital Acquisitions. LLC*
  486 F. Supp. 2d 1089 (C.D. Cal. 2006) .......................... 12, 13

19
20

*Pagtalunan v. Reunion Mortgage. Inc.*
  No. C-09-00162 EDL. 2009 WL 961995
  (N.D. Cal. Apr. 8, 2009)................................................. 23, 24

21

*Robertson v. Dean Witter Reynolds. Inc.*
  749 F.2d 530 (9th Cir. 1984)............................................. 3

22
23

*Rosales v. Downey Sav. & Loan Ass'n.*
  No. 09CV39 WOH (AJB). 2009 WL 514229
  (S.D. Cal. Mar. 2, 2009).................................................. 7

24

*Self Directed Placement Corp. v. Control Data Corp.*
  908 F.2d 462 (9th Cir. 1990)....................................... 19, 22, 23, 24

25

*Silvas v. E*Trade Mortgage Corp.*
  514 F.3d 1001 (9th Cir. 2008)............................... 14, 15, 16, 18, 21

26

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001)............................................. 3

27
28

*Tina v. Countrywide Home Loans. Inc.*
  No. 08CV1233 JM (NLS). 2008 WL 4790906 (S.D. Cal. Oct.
  30, 2008)....................................................................... 13

iv

# TABLE OF AUTHORITIES
## (cont'd)

**Page(s)**

*Valasauez v. Mortgage Elec. Registration Sys., Inc.*
  2008 WL 4938162 (N.D. Cal. Nov. 17, 2008) .................................................. 7

*Virachack v. Univ. Ford*
  410 F.3d 579 (9th Cir. 2005) ............................................................................. 5

*Wherry v. All Cal. Funding*
  No. C06-4384 SBA, 2006 WL 2038495
  (N.D. Cal. Jul. 20, 2006) ................................................................................... 9

**State Cases**

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*
  222 Cal. App. 3d 1371 (1990) ......................................................................... 21

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
  68 Cal. App. 4th 445 (1998) ............................................................................ 18

*Connor v. Great W. Sav. & Loan Ass'n.*
  69 Cal. 2d 850 (1968) ...................................................................................... 19

*Downey v. Humphreys*
  102 Cal. App. 2d 323 (1951) ........................................................................... 18

*Price v. Wells Fargo Bank*
  213 Cal. App. 3d 465 (1989) ........................................................................... 18

*Wolf v. Sup. Ct.*
  107 Cal. App. 4th 25 (2003) ............................................................................ 19

**Federal Statutes**

12 U.S.C. § 1461, *et seq.* ("HOLA") ............................................................. *passim*

12 U.S.C. § 2601, *et seq.* ("RESPA") ........................................................... *passim*

15 U.S.C. § 1601, *et seq.* ("TILA") ............................................................... *passim*

15 U.S.C. § 1639 ("HOEPA") ......................................................................... *passim*

15 U.S.C. § 1692, *et seq.* ("FDCPA") ........................................................... *passim*

**Federal Rules**

Fed. R. Civ. P. 8 ............................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

**Federal Regulations**

12 C.F.R. § 226.23 ............................................................................................... 9

12 C.F.R. § 560.2, *et seq.* ............................................................................... *passim*

DEFENDANT FLAGSTAR BANK'S MPA IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. EDCV09-999 SGL (CTx

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Richard and Helen Deisher (the "Deishers") are homeowners whose residential mortgage loan was funded in December of 2006 by defendant Flagstar Bank ("Flagstar").  Almost three years later, the Deishers are now bringing this suit against Flagstar, seeking compensatory damages, punitive damages, rescission of the loan transaction, declaratory relief, injunctive relief, and various other remedies.  Plaintiffs pray for all these remedies based on alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, the Home Ownership Equity Preservation Act ("HOEPA"), 15 U.S.C. § 1639, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, as well as for an alleged breach of fiduciary duty and breach of the covenant of good faith and fair dealing.  Despite the number of causes of action asserted against Flagstar, however, the Deishers allege very few **facts** in support of their claims.

In fact, on the face of the Complaint, it is not clear what actions Flagstar took that allegedly violated so many federal acts and contractual duties.  More importantly, the time has long passed for the Deishers to assert these federal claims against Flagstar, even assuming the Deishers had any factual basis to support them.

This Court, therefore, should dismiss the causes of action asserted against Flagstar under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiffs' TILA, RESPA, and HOEPA claims are barred by the applicable statutes of limitations; their state law breach claims are preempted by the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461, *et seq.*; and all of the plaintiffs' causes of action are insufficiently pled.  For all of these reasons, the Court should dismiss the claims against Flagstar in their entirety.

///

///

## II.    ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs filed this suit against defendant Flagstar and unnamed Does 1-50. Complaint ("Compl.") ¶¶ 2-3.  The Deishers allege that, on or about December 13, 2006, "they executed a[] 'Note' promising to pay Flagstar Bank the sum of $524,250.00 by monthly payments."  *Id.* ¶ 5.  Plaintiffs also allege that Flagstar "charged and obtained improper fees for the placement of their loan" and that Flagstar "did not explain the working of the interest rate, how it is computed or its inherent volatility or interest only note."  *Id.* ¶¶ 6-7.  Finally, the Deishers make the incomprehensible allegation, "[o]n information and belief," that "service of the purported note was, without their knowledge, by some means may have transferred from or by Defendant either completely or by association or other means to another Defendant unknown to Plaintiffs provided services in various forms to others which were of such nature to render them a 'Servicer' within the definition found within 26 U.S.C. § 2605."  *Id.* ¶ 8.

Based on these allegations, plaintiffs bring eight causes of action against Flagstar: for violations TILA, RESPA, HOEPA, and the FDCPA; as well as for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and for injunctive and declaratory relief.  *See* Compl.

Plaintiffs filed their Complaint on April 22, 2009, and Flagstar removed the matter to this Court on May 26, 2009.  *See* Notice of Removal [Docket No. 1]. Flagstar now files this motion to dismiss all claims brought against it.

## III.    ARGUMENT

Plaintiffs' claims against Flagstar should be dismissed in their entirety. Three of plaintiffs' federal claims—for violations of TILA, RESPA, and HOEPA—are time-barred.  In addition, two of plaintiffs' state law claims are preempted by federal law.  Moreover, each of the plaintiffs' claims—under both federal and state law—is insufficiently pled.  Accordingly, all causes of action against Flagstar should be dismissed, as discussed below.

**A.    The governing standard pursuant to Rule 12(b)(6).**

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of the claims alleged in the complaint." *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D. Cal. 2006).  A complaint may be dismissed where it fails to provide a cognizable legal theory and/or fails to plead sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  While a court must accept all properly pled factual allegations in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party, a court may not assume that "the [plaintiffs] can prove facts that [they have] not alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Moreover, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  A court is also not required to credit conclusory legal allegations presented as factual allegations, "unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  As argued below, all eight of the plaintiffs' claims against Flagstar should be dismissed under Rule 12(b)(6).

**B.    Plaintiffs' TILA claim is fatally flawed because it is time-barred and is insufficiently pled.**

Plaintiffs bring their first cause of action against Flagstar under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.  Compl. ¶¶ 10-16.  They allege that Flagstar has "violated the requirements of" TILA by "refus[ing] and continu[ing] to refuse to validate or otherwise make full accounting and the required disclosures as to the true finance charges and fees," by "improperly retain[ing] funds belonging to Plaintiffs," and by failing "to disclose the status of the ownership of the loans." *Id*. ¶¶ 12, 12(A)-(C).  As relief, plaintiffs seek

rescission, damages, attorney's fees, and punitive damages.[1]  *Id.* ¶¶ 13, 14.  No further allegations support their claim.  The Court should dismiss plaintiffs' TILA claim because it is barred by the applicable statute of limitations and fails to state a claim for relief.

### 1.    The Deishers' TILA claim is time-barred.

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The limitations period runs from the date of a transaction's consummation, which is the time that a consumer becomes contractually obligated on a credit transaction.  *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008). "Therefore, as a general rule the limitations period starts at the consummation of the transaction."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  A motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Here, the "consummation of the transaction" was on December 13, 2006.  Compl. ¶ 5.  The TILA claim, therefore, must have been brought before December 13, 2007.  *See* 15 U.S.C. § 1640(e).  The Deishers, however, filed their claim more than 16 months **later**, on April 22, 2009.  *See* Compl.  Their TILA claim is therefore barred by the statute of limitations, the defect is apparent on the Complaint's face, and the claim should be dismissed with prejudice.  Fed. R. Civ.

---

[1] As Flagstar argues in its concurrently filed Motion to Strike, its rescission-based TILA claim also fails because the right to rescission under TILA does not extend to residential mortgage transactions.  Even if the rescission claim is not struck, however, it should be dismissed under Rule 12(b)(6) because plaintiffs have not pled the facts required to assert a rescission claim under TILA.  Specifically, a claim for rescission requires a plaintiff to allege that she can or will tender the borrowed funds back to the lender.  *See Edelman v. Bank of Amer. Corp.*, No. SACV 09-00309-CJC (MLGx), 2009 WL 1285858, *2 (C.D. Cal. Apr. 17, 2009) (dismissing a TILA rescission claim because plaintiff had "not stated a claim for rescission under TILA because she [] failed to allege in her Complaint that she has tendered or intends to tender the borrowed funds back to Defendants.").  Here, plaintiffs have made no such allegation.  *See* Compl. ¶ 13.  Accordingly, this requested remedy should either be struck from the Complaint or dismissed for failure to state a claim.

1   P. 12(b)(6); *Jablon*, 614 F.2d at 682.

2          **2.    In addition, the Court should dismiss the plaintiffs' TILA claim for failure to plead sufficient facts.**

3

4          Even if the TILA claim were not time-barred, it is fatally flawed as pled.

5   Congress enacted TILA to "assure a meaningful disclosure of credit terms so that

6   the consumer will be able to compare more readily the various credit terms

7   available to him and avoid the uninformed use of credit, and to protect the

8   consumer against inaccurate and unfair credit billing and credit card practices."  15

9   U.S.C. § 1601(a).  TILA entrusts the Federal Reserve Board with implementation

10  of the Act, and the agency has imposed precise disclosure requirements via

11  Regulation Z.  *Virachack v. Univ. Ford*, 410 F.3d 579, 581 (9th Cir. 2005).  In

12  order to survive a motion to dismiss a claim brought under TILA, a plaintiff must

13  at least "set forth: (1) the specific sections of th[e] statute[] that were violated, (2)

14  which defendants violated those rights; and (3) the factual allegations sufficient to

15  support those violations at the pleading stage."  *Garcia v. GMAC Mortg., LLC*, No.

16  09-CV-0295-PHX-GMS, 2009 WL 891007, *2 (D. Ariz. Mar. 31, 2009)

17  (dismissing TILA claim for failure to set forth these basic elements).

18         Moreover, under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a

19  plaintiff is required to set forth a "short and plain statement" of the claim showing

20  that the plaintiff is entitled to relief and giving the defendant fair notice of what the

21  claim is and the ground upon which it rests.  *See* Fed. R. Civ. P. 8(a)(2).  Indeed, a

22  complaint must contain factual allegations sufficient to "raise a right of relief

23  above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

24  (2007).  "Rule 8 does not empower [a plaintiff] to plead the bare elements of his

25  cause of action, affix the label 'general allegation,' and expect his complaint to

26  survive a motion to dismiss."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1954 (2009).

27         The Deishers' TILA claim fails to set forth the factors establishing a TILA

28  claim and fail to satisfy the basic Rule 8 standard.  Plaintiffs do not identify the

442717.01

specific sections of TILA that were violated, do not identify which defendants

violated their TILA rights, and do not assert factual allegations to support the

claim. *Compare Garcia*, 2009 WL 891007 at *2, *to* Compl. ¶¶ 10-16. Plaintiffs'

only allegations specific to this claim make general accusations that Flagstar has

"violated the requirements of" TILA by "refus[ing] and continu[ing] to refuse to

validate or otherwise make full accounting and the required disclosures as to the

true finance charges and fees," by "improperly retain[ing] funds belonging to

Plaintiffs," and by failing "to disclose the status of the ownership of the loans."

Compl. ¶¶ 12, 12(A)-(C). These allegations do not set forth a statement of the

claim showing that the Deishers are entitled to relief, nor do they give Flagstar fair

notice of what the claim is and the ground upon which it rests. *See* Fed. R. Civ. P.

8(a)(2). Rather, plaintiffs do not even plead "the bare elements" of their cause of

action. *Iqbal*, 129 S.Ct. at 1954. Thus, even if it is not time-barred, Plaintiffs'

TILA claim should be dismissed. Fed. R. Civ. P. 12(b)(6).

**C.    The Court should also dismiss plaintiffs' RESPA claim, which is both time-barred and insufficiently pled.**

Plaintiffs also bring a cause of action against Flagstar pursuant to RESPA.

Compl. ¶¶ 17-23. In support of this claim, the Deishers allege that "Defendants . . .

placed loans for the purpose of unlawfully increasing or otherwise obtaining yield

spread fees and sums in excess of what would have been lawfully earned." *Id*. ¶

19. Plaintiffs also allege that the defendants "violated the requirements of 26

U.S.C. § 2605(B) in that the servicing contract or duties there under were

transferred or hypothecated without the required notice." *Id*. ¶ 20. As relief for

this claim, the Deishers seek compensatory damages, attorney's fees, and

rescission of the loan. *Id*. ¶¶ 21-23.[2] As discussed below, the Court should dismiss

plaintiffs' RESPA claim because it is both time-barred and insufficiently pled.

---

[2] As Flagstar argues in its concurrently filed Motion to Strike, rescission is not available under RESPA.

**1.    Plaintiffs' RESPA claim is barred by the statute of limitations.**

Under RESPA, the applicable statute of limitations "is one year from the occurrence of the violation." *Rosales v. Downey Sav. & Loan Ass'n.*, No. 09CV39 WQH (AJB), 2009 WL 514229, *7 (S.D. Cal. Mar. 2, 2009) (dismissing plaintiffs' RESPA claim because the statute of limitations had run); *see also* 12 U.S.C. § 2614.  The "date of the occurrence of the violation is the date on which the loan closed." *Ayala v. World Savings Bank, FSB*, __ F. Supp. 2d __, 2009 WL 1364363, *12 (C.D. Cal. May 4, 2009); *see also Rosales*, 2009 WL 514229 at *8 (holding that in "cases involving loan documents, the statute of limitations begins to run when the documents are signed, unless evidence is presented to override this assumption.").  A motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682.

Here, the Deishers allege that their loans closed "[o]n or about December 13, 2006." Compl. ¶ 5.  RESPA's statute of limitations therefore began to run on that date, and expired on December 13, 2007. *Rosales*, 2009 WL 514229 at *7; 12 U.S.C. § 2614.  The Deishers, however, filed their RESPA claim more than 16 months after the statute of limitations had run, on April 22, 2009.  *See* Compl. Thus, the Deishers' RESPA claim is time-barred, the defect is apparent on the face of the Complaint, and the claim should be dismissed.  Fed. R. Civ. P. 12(b)(6); *Jablon*, 614 F.2d at 682.[3]

**2.    The RESPA claim is also insufficiently pled.**

Even if the plaintiffs' RESPA claim were not time-barred, it should be dismissed for failure to state a claim.  Congress intended RESPA "to shield home buyers 'from unnecessarily high settlement charges caused by certain abusive practices.'" *Gerhart v. Beazer Homes Holding Corp.*, No. CIV. S-08-1650

---

[3] *See also Valasquez v. Mortgage Elec. Registration Sys., Inc.*, 2008 WL 4938162, *3 (N.D. Cal. Nov. 17, 2008) (dismissing RESPA claim because the statute of limitations had run).

FCD/KJM, 2009 WL 799256, *2 (E.D. Cal. Mar. 23, 2009)(quoting 12 U.S.C. § 2601(a)). Section 8(a) of RESPA prohibits "kickbacks" in mortgage loan transactions. Specifically, the statute provides that "[n]o person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). But "'payment to any person of a bona fide salary or compensation for goods or facilities actually furnished or for services actually performed' is not considered a kickback." *Maganallez v. Hilltop Lending Corp.*, 505 F. Supp. 2d 594, 603 (N.D. Cal. 2007) (quoting 12 U.S.C. § 2607(c)(2)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is required to set forth a "short and plain statement" of the claim showing that the plaintiff is entitled to relief and giving the defendant fair notice of what the claim is and the ground upon which it rests. *See* Fed. R. Civ. P. 8(a)(2). Indeed, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Iqbal*, 129 S.Ct. at 1954. Additionally, under Rule 8(d), "each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1).

In support of their RESPA claim, the Deishers only allege that "Defendants . . . placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned" and that the defendants "violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties there under were transferred or hypothecated without the required notice." Compl. ¶¶ 19, 20. The Deishers do not even allege that they paid any yield spread fees on their Flagstar-related loan, do not allege

1  who would have been paid such fees, and do not allege that the payment of such

2  fees was improper.  *See* Compl.  These bare allegations do not support a claim for

3  relief.  The Deishers' Complaint amounts to a formulaic recitation of the elements

4  and does not present factual allegations sufficient to raise the right of relief above

5  the speculative level.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1954.  The

6  claim should therefore be dismissed.  Fed. R. Civ. P. 12(b)(6).

7  **D.  The Court should also dismiss the Deisher's HOEPA claim, which is**
**time-barred and fails to state a claim for relief.**

8

9        In addition to the TILA and RESPA claims, the Deishers bring a cause of

10  action against Flagstar under HOEPA.  Compl. ¶¶ 24-27.  Plaintiffs allege that "the

11  mortgage obtained by Plaintiffs through Defendants by means unknown and

12  enforced by other Defendants herein falls within the purview of" HOEPA.  Compl.

13  ¶ 25.  Further, they assert that, "[b]ased upon information and belief . . . the loan

14  was placed in violation of the HOEPA act as it was placed and administered and

15  otherwise utilized without regard to Plaintiffs['] income or cash flow and with the

16  intention of inducing a default."  *Id*. ¶ 26.  The Deishers allege that these actions

17  resulted in damages.  *Id*. ¶ 27.  These allegations, however, are insufficient to

18  support a claim under HOEPA.  Moreover, the applicable statute of limitations

19  bars the plaintiffs' claim.

20        **1.    The Deishers' HOEPA claim is time-barred.**

21        The Court should dismiss plaintiffs' HOEPA claim because it is statutorily

22  time-barred.  Claims under HOEPA are governed by TILA's one year statute of

23  limitations.  *See* 15 U.S.C. § 1640(e).  Accordingly, an action for damages under

24  HOEPA must be brought within one year of the violation.  15 U.S.C. § 1640(e); 12

25  C.F.R. § 226.23; *Wherry v. All Cal. Funding*, No. C06-4384 SBA, 2006 WL

26  2038495, *2 (N.D. Cal. Jul. 20, 2006).

27        As discussed above, the Deishers entered into the loan agreement on

28  December 13, 2006, and filed their Complaint on April 22, 2009, almost two and a

9

half years later.  *See* Compl.; *see also supra*, Part III.A.1.  Therefore, plaintiffs'

HOEPA claim is barred by the applicable statute of limitations, the defect is

apparent on the face of the Complaint, and the claim should be dismissed.  Fed. R.

Civ. P. 12(b)(6); *see also Diessner v. Mortgage Elec. Registration Sys.*, __ F. Supp.

2d __, 2009 WL 1457624, *4 (D. Ariz. May 18, 2009) (dismissing HOEPA claim

for failure to file within one year of entering into the loan agreement); *Jablon*, 614

F.2d at 682.

>    **2.    The Deishers also fail to state a claim for relief under HOEPA.**

Even if the Deishers' HOEPA claim were not time-barred, it is fatally

flawed and should be dismissed.  "In 1994, Congress enacted HOEPA to combat

predatory lending."  *In re First Alliance Mortg. Co.*, 471 F.3d 977, 984 n.1 (9th

Cir. 2006).  HOEPA "augmented TILA with additional disclosure obligations and

substantive requirements for particular high-cost mortgages."  *Fonua v. First

Allied Funding*, No. C 09-497 SI, 2009 WL 816291, *4 (N.D. Cal. Mar. 27, 2009);

*see also* 15 U.S.C. § 1602(aa), 1639.  Under HOEPA, "[l]enders must make certain

warnings and disclosures in conspicuous type size at least three business days prior

to the consummation of a HOEPA transaction."  *Booker v. Wells Fargo Home

Mortgage, Inc.*, 138 Fed. Appx. 728, 730 (6th Cir.2005).

As seen in the provisions of the Act, however, not **every** loan is subject to

HOEPA.  *See* 15 U.S.C. § 1602(aa)(1).  In fact, a HOEPA claim applies only to:

> . . . a consumer credit transaction that is secured by the consumer's
> principal dwelling, **other than a residential mortgage transaction**, a
> reverse mortgage transaction, or a transaction under an open end
> credit plan, if-
>
> (A) the annual percentage rate at consummation of the transaction will
> exceed by more than 10 percentage points the yield on Treasury
> securities having comparable periods of maturity on the fifteenth day
> of the month immediately preceding the month in which the
> application for the extension of credit is received by the creditor; or
>
> (B) the total points and fees payable by the consumer at or before
> closing will exceed the greater of-
>
> (i) 8 percent of the total loan amount; or

DEFENDANT FLAGSTAR BANK'S MPA IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. EDCV09-999 SGL (CTx)

1    (ii) $400.

2    15 U.S.C. § 1602(aa) (emphasis added).  Thus, residential mortgage transactions

3    are exempted from HOEPA.  *See Hernandez v. Cal. Reconveyance Co*., No. CV F

4    09-0251 LJO DLB, 2009 WL 464462, *5-6 (E.D. Cal. Feb. 24, 2009)

5        Here, plaintiffs do not allege any facts that establish that their loan is subject

6    to HOEPA.  *See* Compl. ¶¶ 24-27.  Moreoever, plaintiffs do not make allegations

7    showing that HOEPA should apply to their loan, despite its exemption of

8    "residential mortgage transaction[s]."  *Compare* 15 U.S.C. § 1602(aa) *to* Compl.

9    ¶¶ 24-27.  Therefore, because plaintiffs do not allege facts supporting the

10   application of HOEPA to their loan, and because residential mortgage transactions

11   are exempted from HOEPA, the claim should be dismissed.  *See* Fed. R. Civ. P.

12   12(b)(6); *see also Castro v. Executive T. Services, LLC*, No. CV-08-2156-PHX-

13   LOA, 2009 WL 438683, *3 (D. Ariz. Feb. 23, 2009); *Hernandez*, 2009 WL

14   464462 at *5-6.

15       In addition, the Deishers fail to state allegations sufficient to satisfy the

16   requirements of Rule 8.  Under Rule 8(a)(2) of the Federal Rules of Civil

17   Procedure, a plaintiff is required to set forth a "short and plain statement" of the

18   claim showing that the plaintiff is entitled to relief and giving the defendant fair

19   notice of what the claim is and the ground upon which it rests.  *See* Fed. R. Civ. P.

20   8(a)(2).  Indeed, a complaint must contain more than a "formulaic recitation of the

21   elements of a cause of action;" it must contain factual allegations sufficient to

22   "raise a right of relief above the speculative level."  *Twombly*, 550 U.S. at 555.

23   "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of

24   action, affix the label 'general allegation,' and expect his complaint to survive a

25   motion to dismiss."  *Iqbal*, 129 S.Ct. at 1954.  Additionally, under Rule 8(d), "each

26   allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).

27       The Deishers' allegations fail to satisfy these requirements.  In support of the

28   claim, Plaintiffs assert only the allegations that "the mortgage obtained by

11

DEFENDANT FLAGSTAR BANK'S MPA IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. EDCV09-999 SGL (CTx)

1    Plaintiffs through Defendants by means unknown and enforced by other

2    Defendants herein falls within the purview of" HOEPA, and that "the loan was

3    placed in violation of the HOEPA act as it was placed and administered and

4    otherwise utilized without regard to Plaintiffs['] income or cash flow and with the

5    intention of inducing a default."  Compl. ¶¶ 25-26.  In addition to being somewhat

6    incomprehensible, these allegations do not show that the plaintiffs are entitled to

7    relief or give the defendant fair notice of what the claim is.  *See* Fed. R. Civ. P.

8    8(a)(2).  Plaintiffs' factual allegations are insufficient to "raise a right of relief

9    above the speculative level."  *Twombly*, 550 U.S. at 555.  Plaintiffs must do more

10   in order to survive a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1954.  The HOEPA

11   claim should therefore be dismissed.  Fed. R. Civ. P. 12(b)(6).

12   **E.      Plaintiffs' claim under the FDCPA should also be dismissed.**

13       The Deishers' final federal claim against Flagstar asserts violations of the

14   FDCPA.  Compl. ¶¶ 28-32.  In support of this claim, the plaintiffs allege "that

15   Defendants and each of them are 'Debt Collectors' either acting for them self or

16   through agents."  *Id.* ¶ 29.  The Deishers also allege that "they duly and properly

17   on more than one occasion requested validation of the 'debt' under" the FDCPA.

18   *Id.* ¶ 30.  They contend, however, that the defendants "did not respond to their

19   demands in such a way as to meet the requirements of the act."  *Id.* ¶ 31.  As relief,

20   the Deishers seek statutory damages.  *Id.* ¶ 32.  These allegations fail to state a

21   claim for relief, and the claim should be dismissed under Rule 12(b)(6).

22       The FDCPA was enacted "to eliminate abusive debt collection practices by

23   debt collectors, to insure that those debt collectors who refrain from using abusive

24   debt collection practices are not competitively disadvantaged, and to promote

25   consistent State action to protect consumers against debt collection abuses."  *Oei v.*

26   *N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1093-94 (C.D. Cal.

27   2006).  Under the FDCPA, a debt collector may not use any "false, deceptive, or

28   misleading representation" or "unfair or unconscionable" means in connection with

1  the collection of any debt.  15 U.S.C. §§ 1692e, 1692f.

2        To be held directly liable for violation of the FDCPA, a defendant must—as

3  a threshold requirement—fall within the Act's definition of "debt collector."  *Oei*,

4  486 F. Supp. 2d at 1097 (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995);

5  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1146 (9th Cir. 1998)).

6  Generally, creditors are not considered "debt collectors" under FDCPA.  *See* 15

7  U.S.C. § 1692a(6)(F).  Rather, a "debt collector," as defined by the statute, is one

8  who collects consumer debts owed **to another**.  *See* 15 U.S.C. § 1692a(6).  In

9  other words, to the extent that defendants attempt to collect their own debts, they

10 are not "debt collectors" within the meaning of the Act.  *See Hulse v. Ocwen Fed.*

11 *Bank, FSB*, 195 F. Supp. 2d 1188, 1202-03 (D.Or. 2002); *Tina v. Countrywide*

12 *Home Loans, Inc.*, No. 08CV1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal.

13 Oct. 30, 2008).

14       Here, the Deishers make the conclusory allegation that "Defendants and

15 each of them are 'Debt Collectors,'" but plaintiffs offer no facts to support this

16 conclusory statement.  Compl. ¶ 29.  Rather, their conclusory allegation is

17 contradicted by their earlier assertion than plaintiffs "executed a 'Note' promising

18 to pay Flagstar Bank the sum of $524,250.00 by monthly payments."  *Id*. ¶ 5.  This

19 allegation establishes that Flagstar cannot be a "debt collector" under the FDCPA

20 because, as creditor of the note, Flagstar's efforts to collect any debt are related to

21 the debt owed to Flagstar itself.  Therefore, an FDCPA claim cannot stand against

22 Flagstar because Flagstar, a creditor, is not considered a debt collector under the

23 FDCPA, and because Flagstar is not collecting debts owed **to another**, but rather

24 to Flagstar itself.  *See* 15 U.S.C. §§ 1692a(6)(F), 1692a(6)(A).  The Deishers'

25 FDCPA claim is, therefore, fatally flawed and should be dismissed.  Fed. R. Civ. P.

26 12(b)(6).

27       Moreover, plaintiffs' allegations in support of their FDCPA claim do not

28 show that they are entitled to relief, nor do the allegations give Flagstar fair notice

1    of what the claim is.  *See* Fed. R. Civ. P. 8(a)(2).  Rather, plaintiffs make only a

2    formulaic recitation of the elements of the claim, without factual allegations

3    sufficient to "raise a right of relief above the speculative level."  *Twombly*, 550

4    U.S. at 555.  Plaintiffs must do more in order to survive a motion to dismiss.

5    *Iqbal*, 129 S.Ct. at 1954.  The FDCPA claim should therefore be dismissed.  Fed.

6    R. Civ. P. 12(b)(6).

7    **F.    The Court should also dismiss plaintiffs' state law causes of action for
        breach because they are preempted and are insufficiently pled.**

8

9    In addition to the federal causes of action, the Deishers assert two state law

10   claims against Flagstar for breach of fiduciary duties and breach of the covenant of

11   good faith and fair dealing.  *See* Compl. ¶¶ 33-42.  As discussed below, because

12   Flagstar is a federally chartered savings bank, and the plaintiffs' state law breach

13   claims fall within the rubric of the Home Owners' Loan Act, 12 U.S.C. § 1461, *et*

14   *seq.* ("HOLA"), each of these claims is preempted and should be dismissed.  In

15   addition, the claims of breach are insufficiently pled, warranting dismissal.

16   **1.    In general, HOLA preempts state law causes of action that affect
        lending by federally chartered savings banks.**

17

18   Congress enacted HOLA during the Great Depression to "restore the

19   public's confidence in savings and loan associations at a time when 40% of home

20   loans were in default."  *Bank of Am. v. City and County of S.F.*, 309 F.3d 551, 559

21   (9th Cir. 2002).  HOLA was enacted, in large part, to address Congressional

22   dissatisfaction with the regulation of home financing conducted by the states.

23   *American Banker's Ass'n. v. Lockyer*, 239 F. Supp. 2d 1000, 1009 (E.D. Cal.

24   2002).  The intent of HOLA was "to restore public confidence by creating a

25   nationwide system of federal savings and loan associations to be centrally

26   regulated according to nationwide 'best practices.'"  *Silvas v. E*Trade Mortgage*

27   *Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).  HOLA and its following agency

28   regulations were a "radical and comprehensive response to the inadequacies of the

14

existing state system," and were "so pervasive as to leave no room for state regulatory control." *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979), *aff'd*, 445 U.S. 921 (1980).

Based on HOLA, Congress granted the Office of Thrift Supervision ("OTS") the power "under such regulations as [it] may prescribe—to provide for the organization, incorporation, examination, operation, and regulation of . . . Federal savings associations." 12 U.S.C. § 1464(a). Then, as the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2. *Silvas*, 514 F.3d at 1005. This provision states that "OTS hereby **occupies the entire field of lending regulation for federal savings associations**." 12 C.F.R. § 560.2(a) (emphasis added). It provides that OTS intends "to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities." *Id*.

Section 560.2(b) goes on to provide a list of specific types of state laws that are preempted, and four of these—§§ 560.2(b)(4), 560.2(b)(5), 560.2(b)(9), and 560.2(b)(10)—are specifically applicable to the Deishers' claims:

> [T]he types of state laws preempted by paragraph (a) of this section include, without limitation, state laws purporting to impose requirements regarding:
>
> . . .
>
> (4) The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> (5) Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
>
> . . .

DEFENDANT FLAGSTAR BANK'S MPA IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. EDCV09-999 SGL (CTx)

(9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;

(10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages; . . . .

12 C.F.R. § 560.2(b)(4), (5), (9), and (10).  Section 560.2(c), then, identifies state laws that are not preempted, listing some state laws of general application and providing that they are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations."  12 C.F.R. § 560.2(c).

In considering whether a claim is preempted, a court must first inquire whether a particular state law falls within § 560.2(b).  *Silvas*, 514 F.3d at 1005 (quoting 61 Fed. Reg. 50951, 50966-50967 (Sept. 30, 1996)).  If the law falls within § 560.2(b), then the law is preempted, and the inquiry is complete.  *Id*.  If it does not, the next question is whether the law affects lending, in which case the law is preempted unless the law can clearly be shown to fall within § 560.2(c).  *Id*.  In this context, § 560.2(c) should be interpreted narrowly, and any doubt should be resolved in favor of preemption.  *Id*.

Flagstar is a federally chartered savings bank and is regulated by OTS, which regulates federal savings associations through HOLA. 12 U.S.C. § 1464(a); *see also* Flagstar's Request for Judicial Notice, Exh. A (Flagstar 2008 Form 10-K) at 6 (stating that Flagstar "is a federally chartered stock savings bank" and "is subject to regulation, examination and supervision by the Office of Thrift Supervision"); Exh. B (FDIC's profile of Flagstar) (stating that Flagstar's "Primary Federal Regulator" is the "Office of Thrift Supervision").  As discussed below, with regard to each of the Deishers' state law causes of action, each of his state law claims is preempted by HOLA and should be dismissed.  Moreover, each of these claims is insufficiently pled, warranting dismissal, regardless of HOLA

16

preemption.  *But see Guerrero v. Citi Residential Lending, Inc.*, No. CV F 08-1878 LJO GSA, 2009 WL 926973, *8 (E.D. Cal. Apr. 3, 2009) (declining to address defendant's arguments regarding deficiencies in plaintiff's allegations and dismissing, instead, based on HOLA, because "federal preemption is a more fundamental ground to dismiss").

### 2. The Court should dismiss the plaintiffs' breach of fiduciary duty claim because it is preempted by HOLA and is insufficiently pled.

The Deishers bring a cause of action against Flagstar for breach of fiduciary duty.  Compl. ¶¶ 33-39.  In support of this claim, plaintiffs allege that defendants "accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiffs."  *Id.* ¶ 34.  Plaintiffs also claim that the defendants "placed themselves in a position of trust by virtue of the expertise represented by and through their employees."  *Id.* ¶ 35.  The Deishers contend that the defendants breached fiduciary duties owed to them by acting "for their own benefit and to the detriment of Plaintiffs."  *Id.* ¶ 36.  The Deishers assert, as an example of breach, that the defendants "**may have** placed and negotiated loans without due care to the best interests of Plaintiffs or for the protection of their rights."  *Id.* ¶ 37 (emphasis added).  Finally, the Deishers contend that they suffered damages as a result of the defendants' breach.  *Id.* ¶ 38.  This claim is preempted by HOLA and is insufficiently pled.

First, the Deishers' breach of fiduciary duty claim is specifically preempted by 12 C.F.R. § 560.2(b).  The only specific allegations related to this claim relate to whether Flagstar "placed and negotiated loans without due care to the best interests of Plaintiffs."  Compl. ¶ 37.  But state law claims related to the terms of a loan are preempted under § 560.2(b)(4).  12 C.F.R. § 560.2(b)(4) (exempting claims regarding "[t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under

442717.01

1   which a loan may be called due and payable upon the passage of time or a

2   specified event external to the loan").  Because this claim falls within § 560.2(b), it

3   is preempted, and the inquiry is complete.  *Silvas*, 514 F.3d at 1005.  Accordingly,

4   the Deishers' claim should be dismissed because it is preempted by federal law.

5   Fed. R. Civ. P. 12(b)(6).

6           Second, even if the claim were not preempted by HOLA, the Deishers'

7   allegations fail to sufficiently plead a claim for relief.  To make out a claim for

8   breach of fiduciary duty, a plaintiff must establish (1) the existence of a fiduciary

9   relationship, (2) the breach of the fiduciary duty, and (3) damage proximately

10  caused by that breach.  *City of Atascadero v. Merrill Lynch, Pierce, Fenner &*

11  *Smith, Inc*., 68 Cal. App. 4th 445, 483 (1998).  Plaintiffs' allegations, however, are

12  too vague and conclusory to satisfy this standard.

13          As an initial matter, plaintiffs have not pled facts supporting a fiduciary

14  relationship between plaintiffs and Flagstar.  "In order to support a claim for

15  breach of fiduciary duty, plaintiffs must set forth more than conclusory allegations

16  that they trusted [defendant]."  *Kenney v. Deloitte, Haskins & Sells*, No. C 91-0590

17  BAC, 1992 WL 551108, *4 (N.D. Cal. Sept. 2, 1992) (citing *In re U.S. Grant*

18  *Hotel Assocs., Ltd. Sec. Litig.*, 740 F. Supp. 1460, 1468 (S.D. Cal. 1990).  Here, the

19  Deishers provide no facts other than the conclusory allegation that they trusted

20  "Defendants," generally—and not even specifically Flagstar—as a basis for the

21  alleged fiduciary duty.  Compl. ¶¶ 34-35.  Plaintiffs "must set forth more."

22  *Kenney*, 1992 WL 551108 at *4.

23          Moreover, typically, there is no fiduciary duty between a mortgage lender

24  and a debtor.  *See Downey v. Humphreys*, 102 Cal. App. 2d 323, 332 (1951) ("A

25  debt is not a trust and there is not a fiduciary relation between debtor and creditor

26  as such."); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (applying

27  same principle to "the relationship between a bank and its loan customers").  The

28  Deishers have not alleged any special relationship that could override this

principle. *See, generally,* Compl.; *see also Connor v. Great W. Sav. & Loan Ass'n.,* 69 Cal. 2d 850, 864 (1968); *Wolf v. Sup. Ct.,* 107 Cal. App. 4th 25, 29 (2003). The claim should therefore be dismissed. *See Amaro v. Option One Mortg. Corp.,* No. EDCV 08-1498-VAP (AJWx), 2009 WL 103302, *3 (C.D. Cal. Jan. 14, 2009) (dismissing a breach of fiduciary duty claim where plaintiff alleged only that defendant breached its fiduciary duty, arising out of defendant's "position of trust by virtue of [its] expertise," to her by providing her a loan "without due care to the best interest of Plaintiff or for the protection of h[er] rights").

In addition, the Deishers fail to plead facts supporting the other elements of the claim. For instance, plaintiffs fail to allege any breach of the alleged fiduciary duty, making only the conclusory and general statement that Flagstar acted "for their own benefit and to the detriment of Plaintiffs." Compl. ¶ 36. Plaintiffs also have not identified how this alleged breach injured them. Rather, they make the non-specific allegation that they "suffered economic damages, loss of funds and payment of fees improperly incurred." *Id.* ¶ 38. These vague and conclusory allegations do not establish a *prima facie* case of breach of fiduciary duty.

Finally, the Deishers' allegations fail to satisfy the simple pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a "plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Self Directed Placement Corp. v. Control Data Corp.,* 908 F.2d 462, 466 (9th Cir. 1990); *see also* Fed. R. Civ. P. 8(a)(2). Here, plaintiffs make only a formulaic recitation of the elements of the claim, without factual allegations sufficient to "raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs contend only that the defendants, generally, "**may have** placed and negotiated loans without due care to the best interests of Plaintiffs or for the protection of their rights." Compl. ¶ 37 (emphasis added). Plaintiffs must do more in order to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1954. The claim

should therefore be dismissed.  Fed. R. Civ. P. 12(b)(6).

### 3. Similarly, the Court should dismiss the Deishers' claim for breach of the covenant of good faith and fair dealing.

The Deishers also bring a claim for breach of the covenant of good faith and fair dealing against Flagstar.  Compl. ¶¶ 40-42.  The Deishers assert that a covenant of good faith and fair dealing existed and that it "prohibited Defendants from activities interfering with or contrary to the rights of plaintiffs."  *Id.* ¶ 41. The only other allegation specific to the claim is that plaintiffs suffered damages as a result of the breach.  *Id.* ¶ 42.  This claim fails both because it is preempted by federal law and because it is insufficiently pled.

To begin, the Deishers' claim is preempted by various subsections of 12 C.F.R. § 560.2(b).  There are no allegations associated directly with this claim that indicate the specific behavior of which the defendants are accused.  *See* Compl. ¶¶ 40-42.  Instead, the Court must look to plaintiffs' initial allegations, which the Deishers incorporated into this claim.  *Id.* ¶ 40.  There, plaintiffs allege that defendants "did not explain the working[s] of the interest rate, how it is computed or its inherent volatility or interest only note," and that defendants "charged and obtained improper fees for the placement of their loan."[4]  *Id.* ¶¶ 6, 7.  These allegations fall under the rubric of HOLA.

First, the allegations related to the defendants' alleged failure to "explain"

---

[4] Plaintiffs also allege "[o]n information and belief" that "service of the purported note was, without their knowledge, by some means may have transferred from or by Defendant either completely or by association or other means to another Defendant unknown to Plaintiffs provided services in various forms to others which were of such nature to render them a 'Servicer' within the definition found within 26 U.S.C. § 2605."  Compl. ¶ 8.  Because this allegation is incomprehensible, Flagstar does not address it in relation to HOLA.  To the extent, however, that the allegation relates to servicing of the note, the claim is preempted by HOLA.  12 C.F.R. § 560.2(b)(10) (preempting claims related to "Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages").

442717.01

fall within § 560.2(b), which specifically preempts state law claims related to disclosures. *See* 12 C.F.R. § 560.2(b)(9). Second, the allegations regarding the allegedly improper fees also fall within § 560.2(b), which preempts state law claims concerning "[l]oan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees." *Id*. § 560.2(b)(5). Because this claim falls within two subsections of § 560.2(b), it is preempted, the inquiry is complete, and the claim should be dismissed. *Silvas*, 514 F.3d at 1005; Fed. R. Civ. P. 12(b)(6).

Moreover, even if the claim for breach of the covenant of good faith and fair dealing is not preempted, the Court should dismiss the claim because it is fatally insufficient. In California, every contract contains an implied covenant that imposes on each party a "duty of good faith and fair dealing in each performance and its enforcement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1393 (1990). "'A plaintiff asserting a claim for breach of the implied covenant of good faith and fair dealing must allege the following elements: (1) the existence of a contract; (2) the plaintiff did all, or substantially all of the significant things the contract required; (3) the conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct.'" *Oculus Innovative Sci., Inc. v. Nofil Corp*., No. C 06-01686 SI, 2007 WL 2600746, *4 (N.D. Cal. Sept. 10, 2007) (citing *Garey/Philadelphia v. Yoshinoya West, Inc.*, 2006 Cal. App. Unpub. LEXIS 11533 at *1, *11-12 (Cal. Ct. App. Dec. 21, 2006)).

Here, the Deisher's have not made a single sufficient allegation related to the elements of this claim. *See* Compl. ¶¶ 40-42. Plaintiffs do not allege "the existence of a contract," nor that they "did all, or substantially all of the significant things the contract required." *Compare Oculus*, 2007 WL 2600746 at *4, *to* Compl. ¶¶ 40-42. In addition, plaintiffs fail to allege that "the conditions required

1   for the defendant's performance had occurred" or that "the defendant unfairly

2   interfered with the plaintiff's right to receive the benefits of the contract."

3   *Compare Oculus*, 2007 WL 2600746 at *4, *to* Compl. ¶¶ 40-42.  Finally, with

4   regard to the final element, plaintiffs make only a formulaic recitation that they

5   were harmed by the defendants' conduct.  Compl. ¶ 42.  These allegations fail to

6   state a *prima facie* claim for a breach of this covenant.

7          Finally, the Deishers' allegations fail to satisfy the simple pleading standard

8   of Rule 8 of the Federal Rules of Civil Procedure.  Their allegations do not show

9   that they are entitled to relief, nor do the allegations give Flagstar fair notice of

10  what the claim is.  *See* Fed. R. Civ. P. 8(a)(2).  Indeed, the Deishers have not "set

11  forth enough details so as to provide defendant and the court with a fair idea of the

12  basis of the complaint and the legal grounds claimed for recovery."  *Self Directed*

13  *Placement Corp.*, 908 F.2d at 466.  Rather, plaintiffs make only a formulaic

14  recitation of one element of the claim, without factual allegations sufficient to

15  "raise a right of relief above the speculative level."  *Twombly*, 550 U.S. at 555.

16  Plaintiffs must do more in order to survive a motion to dismiss.  *Iqbal*, 129 S.Ct. at

17  1954.  The claim should therefore be dismissed.  Fed. R. Civ. P. 12(b)(6).

18  **G.    Plaintiffs' claims for injunctive and declaratory relief should also be**
19  **dismissed.**

20         In addition to the claims discussed above, plaintiffs seek injunctive and

21  declaratory relief.  Compl. ¶¶ 43-48.  These causes of action should be dismissed

22  for failure to state a claim.

23         **1.    The Court should dismiss the plaintiffs' claim for injunctive relief.**

24         Plaintiffs also bring a claim for injunctive relief against Flagstar.  Compl.

25  ¶¶ 43-46.  Plaintiffs seek "a determination as to the legal status of the parties to the

26  Fixed Note and Deed of Trust."  *Id*. ¶ 44.  They assert that "Defendants claim that

27  they are the lawful beneficiary" and that "Defendants should be required to provide

28  the original note and all subsequent notes with appropriate endorsements thereon

22

1  so the court may determine under California law, who owns the property." *Id.*

2  ¶¶ 45-46.  The Court should dismiss this cause of action for failure to state a claim.

3      First, where "Plaintiffs do not otherwise state a claim for relief, their claim

4  for injunctive relief necessarily fails."  *Pagtalunan v. Reunion Mortgage, Inc*., No.

5  C-09-00162 EDL, 2009 WL 961995, *5 (N.D. Cal. Apr. 8, 2009).  As argued

6  above, plaintiffs have not stated a claim for relief under any of the federal or state

7  law claims asserted against Flagstar.  Accordingly, their claim for injunctive relief

8  "necessarily fails."  *Id.*

9      Second, this claim for injunctive relief is vague and confusing and fails to

10  reach the pleading standards of Rule 8.  *See* Fed. R. Civ. P. 8(a)(2).  Indeed, the

11  Deishers have not "set forth enough details so as to provide defendant and the

12  court with a fair idea of the basis of the complaint and the legal grounds claimed

13  for recovery."  *Self Directed Placement Corp.*, 908 F.2d at 466.  Rather, plaintiffs

14  do not assert factual allegations sufficient to "raise a right of relief above the

15  speculative level."  *Twombly*, 550 U.S. at 555.  Plaintiffs must do more in order to

16  survive a motion to dismiss.  *Iqbal*, 129 S.Ct. at 1954.

17      **2.**    **The Court should also dismiss the claim for declaratory relief.**

18      Plaintiffs' final cause of action against Flagstar seeks declaratory relief.

19  Compl. ¶¶ 47-48.  The Deishers allege that "a declaration of rights and duties of

20  the parties herein is essential to determine the actual status and validity of the loan,

21  Deed of Trust, nominated beneficiaries, actual beneficiaries, loan servicers,

22  trustees instituting foreclosure proceedings and related matters."  *Id.* ¶ 48.  This

23  claim, too, should be dismissed under Rule 12(b)(6).

24      First, plaintiffs have not established that there is a controversy requiring any

25  declaration by the Court.  "Declaratory relief is not appropriate where the

26  controversy is hypothetical or where the actual controversy has become moot."

27  *Pagtalunan*, 2009 WL 961995 at *2 (citing *Seelers v. Regents of the Univ. of Cal.*,

28  432 F.2d 493, 499-500 (9th Cir. 1990)).  Here, the basis for the declaratory relief

1    claim is unclear, but, as argued above, plaintiffs have failed to state a cause of

2    action under any federal or state law claim.  Their other claims are all either barred

3    by the statutes of limitations or they fail to satisfy the pleading requirements of

4    Rule 8.  Any claim for declaratory relief based on those claims must, therefore,

5    fail.  *See*, *e.g.*, *Pagtalunan*, 2009 WL 961995 at *2 (stating that where "the

6    substantive [] claim fails to satisfy the pleading requirements of Rule 8, and

7    Plaintiffs' claim for declaratory relief" is based on that substantive claim, the

8    declaratory relief claim "fails for the same reasons").  Therefore, "[b]ecause the

9    alleged facts underlying the declaratory relief claim do not give rise to viable

10   claims, there is no actual controversy between the parties warranting declaratory

11   judgment."  *Id.*  Where there is no underlying claim, a claim for declaratory relief

12   must be dismissed.  *See Lomboy v. SCME Mortgage Bankers*, No. C-09-1160 SC,

13   2009 WL 1457738, * (N.D. Cal. May 26, 2009) ("As this 'cause of action' is

14   ultimately a request for relief, in order to weigh it the Court must look to the

15   underlying claims.") (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 92 (6th Cir.

16   1997) ("With regard to Count IV, in which plaintiff seeks declaratory relief,

17   plaintiff has merely asserted a form of relief, not a cause of action.  Plaintiff is not

18   entitled to this relief in the absence of a viable claim.")).  As argued above,

19   plaintiffs have stated no viable claim for relief under any federal or state claim.

20   Accordingly, plaintiffs are not entitled to any declaratory relief.

21         Second, this claim for declaratory relief is vague and confusing and fails to

22   reach the pleading standards of Rule 8.  *See* Fed. R. Civ. P. 8(a)(2).  Again, the

23   Deishers have not "set forth enough details so as to provide defendant and the

24   court with a fair idea of the basis of the complaint and the legal grounds claimed

25   for recovery."  *Self Directed Placement Corp.*, 908 F.2d at 466.  Plaintiffs do not

26   assert factual allegations sufficient to "raise a right of relief above the speculative

27   level," and they must do more in order to survive a motion to dismiss.  *Twombly*,

28   550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1954.  The claim should therefore be

1    dismissed.  Fed. R. Civ. P. 12(b)(6).

2                          **IV.    CONCLUSION**

3         Based on these arguments, the Court should grant Flagstar's motion and

4    dismiss all of the plaintiffs' causes of action against it based on the applicable

5    statutes of limitations, the preemption provision of HOLA, and the plaintiffs'

6    failure to plead the claims sufficiently.

7                                              Respectfully submitted

8    Dated:  June 2, 2009                      KEKER & VAN NEST LLP

9

10

11                                   By: /s/ Jo W. Golub _____

12                                         RACHAEL E. MENY
                                           JO W. GOLUB
                                           REBEKAH L. PUNAK
13                                         Attorneys for Defendant
                                           FLAGSTAR BANK, F.S.B.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FLAGSTAR BANK'S MPA IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
CASE NO. EDCV09-999 SGL (CTx)