JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-00999-SGL(CTx)                                          Date:  July 29, 2009

Title:    RICHARD DEISHER, ET AL -v- FLAGSTAR BANK, F.S.B., ET AL
================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Cindy Sasse                                               None Present
        Courtroom Deputy                                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                      None present

PROCEEDINGS:    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOCKET #7);
                            ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (DOCKET #10);
                            ORDER VACATING AUGUST 3, 2009, HEARING

      On June 2, 2009, defendant filed a motion to dismiss all the claims in the complaint and also filed a motion to strike paragraphs 13 and 21 from the complaint (which seek rescission of the loan) as well as language in the complaint concerning asserted violations of "15 U.S.C. S 1611 et seq" and "for rescission of the contract and loan."  The caption on defendant's motions showed that the hearing on both were noticed for August 3, 2009.

      This district's Local Rules provide that "[e]ach opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances."  <u>See</u> Local Rule 7-9.  Accordingly, plaintiffs had until July 20, 2009, to file an opposition to defendant's motions.  The time for plaintiffs to file their opposition has come and gone without them doing so.

      Plaintiffs' failure to file an opposition to defendant's motion to dismiss and motion to strike is deemed by this Court as plaintiffs' consent to the granting of the same.  <u>See</u> Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion"); <u>see</u> also <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that district court did not err in summarily granting defendants' motion to dismiss

pursuant to a local rule where the pro se plaintiff had time to respond to motion but failed to do so).

Accordingly, defendant's motion to dismiss is **GRANTED** and all the claims in the complaint are hereby **DISMISSED**.

Moreover, defendant's motion to strike is **GRANTED** and paragraphs 13 and 21 in the complaint as well as the quoted language found at page 3, line 24 and page 11, lines 6-7 in the complaint is **STRICKEN**.

The previously noticed August 3, 2009, hearing on the motion to dismiss and motion to strike is hereby **VACATED**.

IT IS SO ORDERED.